UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RUBEN T. SPROUSE,<br>    Plaintiff, | Case No. 1:23-cv-353 |
| vs. | Hopkins, J.<br>Litkovitz, M.J. |
| MIRIA MITCHELL, et al.,<br>    Defendants, | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a resident of Ironton, Ohio, has filed a pro se complaint against Detective Jason Newman, Miria Mitchell, Melissa Coburn, Ricky Rice, Desire Flannery, and Laura Brown. (Doc. 1-1 at PAGEID 4). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

## Screening of Complaint

### A. Legal Standard

In enacting the original in forma pauperis statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an in forma pauperis complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28

U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

A.   **Plaintiff's Complaint**

Plaintiff alleges the following: On June 11, 2021, defendants Desiree Flannery and Miria Mitchell of Pitiful Paws Rescue went to plaintiff's residence with the intention of purchasing a beagle. (Doc. 1-1 at PAGEID 8).[1] These defendants purchased a Rat Terrier from plaintiff, and plaintiff also gave them an older beagle. (*Id.*). During this exchange, Ms. Mitchell took pictures with her cell phone of plaintiff's dogs and pen area, without plaintiff's permission, and inspected other parts of his yard. (*Id.*). Ms. Flannery and Ms. Mitchell bought a third dog before they left plaintiff's property. (*Id.*).

On June 18, 2021, defendant Detective Jason Newman, Humane Officer for the Lawrence County Sheriff's Office, and two deputies arrived at plaintiff's house with a search warrant. (*Id.*). Plaintiff alleges that defendant Newman "produced a paper and told me to sign it or he was going to take me to jail." (*Id.*). Plaintiff also alleges:

> [Defendant Newman] kept his hand on his firearm the entire time and I signed the paper not knowing what it stated. I repeatedly stated that I was not giving up my dogs and was assured my signature was only to have them checked by a vet tech

---

[1] Plaintiff states that he breeds and raises dogs for sale. (Doc. 1-1 at PAGEID 9).

3

> on my property. Once I signed the paperwork, a crew was called and they began the removal of my dogs. When I asked what was going on[,] I was told the vet tech was not available and the dogs would have to be taken to South Point, Ohio[,] to have them checked and would be returned later in the evening. Pictures were taken of most of the dogs as they were being removed. One of my dogs was diabetic and they refused to take it because it had a seizure when it was removed from its cage.

(Doc 1-1 at PAGEID 9). Plaintiff did not receive his dogs back that evening. (*Id.*). He called the Lawrence County Sheriff's Office and learned that the paper he signed was to release his dogs to the Lawrence County Humane Society. (*Id.*). Plaintiff states:

> My civil rights was [sic] violated an I was not given due process of inspection. I did not get recovery time before my dogs were removed.

(*Id.*).

Criminal charges were filed against plaintiff but subsequently dismissed. (*Id.* at PAGEID 8-9). After the charges were dismissed, only seven of the 67 dogs removed were returned to plaintiff. (*Id.* at PAGEID 9). Plaintiff alleges, "I feel that Detective Newman conspired with the assistant prosecutor to file criminal charges in an attempt to keep my dogs aware from me." (*Id.* at PAGEID 8).

As to defendants Ricky Rice and Melissa Coburn, plaintiff states that:

> I later learned that . . . Gary (Ricky) Rice picks up stray dogs and takes them to . . . Melissa Coburn who considers herself an animal rights activist. She had an organization called: Friends of Lawrence County. She then contacts [sic] Pitiful Paws Rescue to initiate removal of animals.

(*Id.*). Plaintiff further alleges:

> [Defendant] Laura Brown, President of the Lawrence County Humane Society, was aware of all of the prior proceedings. She did not follow through to make sure all of my dogs were returned. She only issued a statement on Facebook saying anyone with any of the dogs needed to return them or charges would be filed against anyone choosing not to return the dogs. The dogs had been fostered out to numerous facilities and individuals.

(*Id.* at PAGEID 9).

4

Plaintiff alleges that his reputation as a trainer and breeder has been tarnished; he demands the return of all of his dogs; and he seeks damages in excess of $5,000,000.00. (Doc. 1-1 at PAGEID 9-10). Plaintiff alleges violations of his civil rights, including violations under the Due Process Clause of the Fourteenth Amendment. (*Id.* at PAGEID 8).

B.  **Resolution**

At this stage in the proceedings, without the benefit of briefing by the parties to this action and construing plaintiff's pro se complaint liberally, the undersigned concludes that the complaint is deserving of further development and may proceed at this juncture against defendants Newman and Brown on plaintiff's Fourteenth Amendment due process claim. *Cf. King v. Montgomery Cnty., Tennessee*, 797 F. App'x 949 (6th Cir. 2020); *Thompson v. Animal Welfare League of Trumbull Cnty., Inc.*, 610 F. Supp. 3d 1022 (N.D. Ohio 2022). However, plaintiff's complaint in all other respects should be dismissed.

Plaintiff's complaint should be dismissed to the extent he alleges that defendant Newman "conspired with the assistant prosecutor to file criminal charges in an attempt to keep my dogs away from me." (Doc. 1-1 at PAGEID 8). "A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Crowley v. Anderson Cty., Tenn.*, 783 F. App'x 556, 560 (6th Cir. 2019) (internal citations and quotation marks omitted). "To prevail on a civil conspiracy claim, [a plaintiff] must show that (1) a 'single plan' existed, (2) [the defendant] 'shared in the general conspiratorial objective' to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) 'an overt act was committed in furtherance of the conspiracy that caused the injury' to [the plaintiff]." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)). "The Sixth Circuit has warned that 'conspiracy claims must be pled with some degree of specificity

and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at *6 (E.D. Mich. Sept. 23, 2021) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008)). "These guidelines have led the court to conclude that the 'pleading requirements governing civil conspiracies are relatively strict.'" *Id*.

Plaintiff's allegations fall short of meeting the specificity requirement. He simply alleges that defendant Newman and the assistant prosecutor conspired to file criminal charges against him without any factual enhancement of this claim. (Doc. 1-1 at PAGEID 8). Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim for relief. Therefore, plaintiff's conspiracy claim should be dismissed.

As best the court can discern, plaintiff appears to allege that County actors took and retained his dogs without due process of law. However, as to defendants Rice, Coburn, Flannery, and Mitchell, plaintiff fails to allege any facts plausibly showing that these defendants, who are private individuals, were acting under color of state law for a 42 U.S.C. § 1983 claim against them.

To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. App'x 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). A private individual acting on his own cannot deprive a citizen of his constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not create a cause of action against a private actor "'no matter how

discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Nevertheless, private parties may be considered "state actors" for purposes of Section 1983 liability when they jointly engaged with state officials in wrongful conduct or their actions may be "fairly attributable to the state." *Nugent v. Spectrum Juv. Just. Servs.*, No. 22-1487, __ F.4th__, 2023 WL 4230225, at *2-3 (6th Cir. June 28, 2023) (citations omitted). There are three tests for determining whether a private party acts under the "color of state law": (1) the state compulsion test—where the private party acts under the compulsion of the state[2]; (2) the public function test—where the private party engaged in an activity traditionally reserved to the state; and (3) the nexus test—where the private party's activities are sufficiently close and/or controlled by the state such that its actions may fairly be attributed to it. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003); *see also Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Plaintiff's complaint fails to allege facts meeting any of the three tests.

Plaintiff has alleged no facts showing that state law or a state entity significantly encouraged or coerced the actions of defendants Rice, Coburn, Flannery, and Mitchell such that they may be deemed state actors under the state compulsion test. *See Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (finding no state action even though the state provided a significant portion of the funding of a private corporation, because the state did not appoint board members, select personnel, or make decisions for the organization)). Plaintiff has not alleged facts showing these defendants' activities were ones traditionally reserved to the state. *See, e.g., Flagg Bros.*, 436

---

[2] "The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Lansing v. City of Memphis*, 202 F.3d 821, 829 (6th Cir. 2000) (citation omitted).

7

U.S. at 157-58 (holding elections is public function); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352-53 (1974) (eminent domain is public function); *Marsh v. Alabama*, 326 U.S. 501, 505-09 (1946) (company-owned town is public function). Nor has plaintiff alleged facts showing the state had a sufficiently close relationship to these defendants as to be a joint participant and/or interdependent with them under the nexus test. *See Campbell*, 509 F.3d at 784 (no state action where government entities did nothing more than authorize and approve a contract that provided tax benefits to defendant); *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) ( the required "nexus can be established with evidence of a customary or preexisting arrangement between the government and the private actor"). Finally, plaintiff has not alleged facts showing these defendants either conspired or acted in concert with state officials. *Cf. Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Plaintiff has failed to allege facts suggesting a sufficient intermingling of state involvement with defendants Rice, Coburn, Flannery, and Mitchell to support a finding of state action. These defendants cannot be deemed state actors, and plaintiff's constitutional claims under 42 U.S.C. § 1983 against them must be dismissed. Accordingly, the complaint fails to state a claim upon which relief may be granted against defendants Rice, Coburn, Flannery, or Mitchell and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), **with the exception of** plaintiff's Fourteenth Amendment due process claims against defendants Newman and Brown.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order

8

granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Newman and Brown as directed by plaintiff, with costs of service to be advanced by the United States.

    2. Plaintiff shall serve upon defendants Newman and Brown or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

    3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 7/7/2023

Karen L. Litkovitz, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RUBEN T. SPROUSE,
    Plaintiff,

vs.

MIRIA MITCHELL, et al.,
    Defendants.

Case No. 1:23-cv-353

Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).