UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RUBEN T. SPROUSE,  Case No. 1:23-cv-353
    Plaintiff,  Hopkins, J.
                                                          Litkovitz, M.J.
    vs.

MIRIA MITCHELL, et al.,  **REPORT AND**
    Defendants,  **RECOMMENDATION**

Plaintiff, a resident of Ironton, Ohio, has filed a pro se complaint against Detective Jason Newman, Miria Mitchell, Melissa Coburn, Ricky Rice, Desire Flannery, and Laura Brown. (Doc. 1-1 at PAGEID 4). In its prior Report and Recommendation, now pending before the District Judge, the Court recommended dismissal with prejudice of all claims with the exception of plaintiff's Fourteenth Amendment due process claims against defendants Newman and Brown. (Doc. 4 at PAGEID 52).

This matter is now before the Court on defendant Newman's motion for judgment on the pleadings (Doc. 17) and defendant Brown's motion to dismiss (Doc. 18). Plaintiff filed a document (Doc. 22) that the Court liberally construes as a response to both motions. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Defendant Brown also filed a reply memorandum in support of her motion to dismiss. (Doc. 23).

**A. Complaint**

The Court summarized plaintiff's complaint in its prior Report and Recommendation, which it restates as relevant here. (*See* Doc. 4 at PAGEID 47-49). On June 11, 2021, defendants Desiree Flannery and Miria Mitchell of Pitiful Paws Rescue went to plaintiff's residence with the intention of purchasing a beagle. (Doc. 1-1 at PAGEID 8).[1] These defendants purchased a Rat

---

[1] Plaintiff states that he breeds and raises dogs for sale. (Doc. 1-1 at PAGEID 10).

Terrier from plaintiff, and plaintiff also gave them an older beagle. (*Id.*). During this exchange, Ms. Mitchell took pictures with her cell phone of plaintiff's dogs and pen area, without plaintiff's permission, and inspected other parts of his yard. (*Id.*). Ms. Flannery and Ms. Mitchell bought a third dog before they left plaintiff's property. (*Id.*).

On June 18, 2021, defendant Detective Jason Newman, Humane Officer for the Lawrence County Sheriff's Office, and two deputies arrived at plaintiff's house with a search warrant. (*Id.*). Plaintiff alleges that defendant Newman "produced a paper and told me to sign it or he was going to take me to jail." (*Id.*). Plaintiff also alleges:

> [Defendant Newman] kept his hand on his firearm the entire time and I signed the paper not knowing what it stated. I repeatedly stated that I was not giving up my dogs and was assured my signature was only to have them checked by a vet tech on my property. Once I signed the paperwork, a crew was called and they began the removal of my dogs. When I asked what was going on[,] I was told the vet tech was not available and the dogs would have to be taken to South Point, Ohio[,] to have them checked and would be returned later in the evening. Pictures were taken of most of the dogs as they were being removed. One of my dogs was diabetic and they refused to take it because it had a seizure when it was removed from its cage.

(Doc 1-1 at PAGEID 8). Plaintiff did not receive his dogs back that evening. (*Id.*). He called the Lawrence County Sheriff's Office and learned that the paper he signed was to release his dogs to the Lawrence County Humane Society. (*Id.*). Plaintiff states:

> My civil rights was [sic] violated an[d] I was not given due process of inspection. I did not get recovery time before my dogs were removed.

(*Id.*).

Criminal charges were filed against plaintiff but subsequently dismissed. (*Id.* at PAGEID 8-9). After the charges were dismissed, only seven of the 67 dogs removed were returned to plaintiff. (*Id.* at PAGEID 9). Plaintiff alleges, "I feel that Detective Newman conspired with the assistant prosecutor to file criminal charges in an attempt to keep my dogs away from me." (*Id.* at PAGEID 8).

2

Plaintiff further alleges:

[Defendant] Laura Brown, President of the Lawrence County Humane Society, was aware of all of the prior proceedings. She did not follow through to make sure all of my dogs were returned. She only issued a statement on Facebook saying anyone with any of the dogs needed to return them or charges would be filed against anyone choosing not to return the dogs. The dogs had been fostered out to numerous facilities and individuals.

(*Id.* at PAGEID 9).

Plaintiff alleges that his reputation as a trainer and breeder has been tarnished; he demands the return of all of his dogs; and he seeks damages in excess of $5,000,000.00. (Doc. 1-1 at PAGEID 9-10). Plaintiff alleges violations of his civil rights, including violations under the Due Process Clause of the Fourteenth Amendment. (*Id.* at PAGEID 8).

**B. Legal standard**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed. . . ." Fed. R. Civ. P. 12(c). While defendant Newman answered the complaint, no other defendant has. While the Sixth Circuit has not explicitly considered the question, district courts within the circuit have held that a Rule 12(c) motion is premature until all defendants have answered a complaint.[2] *See Dunn-Mason v. JP Morgan Chase Bank Nat. Ass'n*, No. 11-cv-13419, 2013 WL 4084676, at *4 (E.D. Mich. Aug. 13, 2013) (collecting cases). Nevertheless, the Court finds that district courts have discretion to convert a premature Rule 12(c) motion into a Rule 12(b)(6) motion and rule on it. *See Heggem v. Valvoline, LLC*, No. 1:23-cv-00584, 2024 WL 895151, at *3 (N.D. Ohio Mar. 1, 2024) ("[A] prematurely filed Fed. R. Civ. P. 12(c) motion may be treated as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if 'the issues

---

[2] In addition, "the pleadings are not closed until all defendants have filed an answer, even when one defendant has filed a motion to dismiss instead of answering." *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 705 (W.D. Ky. 2013) (quoting *Nationwide Children's Hosp., Inc. v. D.W. Dickey & Son, Inc. Emp. Health & Welfare Plan*, 2009 WL 5247486, at *1 (S.D. Ohio Dec. 31, 2009) and collecting cases).

3

raised in the motion were sufficiently raised in the moving defendant's answer as affirmative defenses.'") (quoting *Armatas v. Aultman Health Found.*, No. 5:19-cv-00349, 2019 WL 8754869, at *3 (N.D. Ohio Dec. 19, 2019) (report and recommendation) (quoting *Ortiz v. Holmes*, 157 F. Supp. 3d 692 (N.D. Ohio 2016)), *adopted*, 2020 WL 1650841 (N.D. Ohio Mar. 27, 2020)); *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 628 (W.D. Mich. 2015) ("The Court believes that allowing the Individual Defendants' motion as a post-answer Rule 12(b)(6) motion is appropriate in this case. The Individual Defendants raised each of the issues presented in their motion to dismiss as affirmative defenses in their answer. . . ."); *Griffin*, 970 F. Supp. 2d at 705 ("Notwithstanding the fact that the pleadings have not yet closed and, thus, Jones' Rule 12(c) Motion is untimely, the Court will consider it as a motion to dismiss under Rule 12(b)(6)."). *But see Nationwide Children's Hosp., Inc.*, 2009 WL 5247486, at *3 (declining to exercise discretion to convert a premature Rule 12(c) motion into a Rule 12(b)(6) motion).

Upon review of defendant Newman's answer (Doc. 21), the Court finds that it is appropriate to convert the Rule 12(c) motion to a Rule 12(b)(6) motion, which is considered under an identical standard. *See D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson*, 551 U.S. at 93) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to

4

raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106). The Sixth Circuit has also recognized, however, that this liberal construction does not come at the expense of "abrogat[ing] basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).

**C. Analysis**

1. *Official-capacity claims*

To the extent plaintiff's complaint is construed to allege an official-capacity claim against defendant Newman or Brown, it should be dismissed. To state a 42 U.S.C. § 1983 claim for relief against an entity, plaintiff must allege facts showing that the misconduct giving rise to his injuries was the result of a policy, regulation, decision, or custom promulgated by the entity. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)). The plaintiff must plead: "(1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a[n entity]'s policy or custom caused that violation to happen." *Id.* at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (municipality's policy must be "the moving force" behind the alleged constitutional deprivation) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "The 'official

policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). *See also Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

The Court finds no such allegations in plaintiff's complaint, and plaintiff gives the Court no reason to conclude otherwise in his response (Doc. 22). To the extent construed to allege official-capacity claims, plaintiff's complaint should be dismissed.

2. *Defendant Newman*

Defendant Newman argues that plaintiff's complaint does not specify whether he asserts a procedural or substantive due process claim against him. To the extent that plaintiff alleges a procedural due process claim, defendant Newman argues that plaintiff does not challenge an established state procedure and, thus, appears to allege a random and unauthorized act. Defendant Newman argues that such a claim is undercut by the existence of a valid search warrant. Regardless, defendant Newman argues that any procedural due process claim must fail because such a claim requires a plaintiff to plead the inadequacy of state remedies for redressing the wrong. To the extent that plaintiff alleges a substantive due process claim, defendant argues that it is precluded by plaintiff's voluntary surrender of his animals, which is in turn demonstrated by the form signed by plaintiff and attached to defendant Newman's Answer (Doc. 21-1).[3] Finally, defendant Newman argues that he is entitled to qualified immunity.

In plaintiff's response, he states that the warrant relied upon by defendant Newman was based on "false information" and is otherwise "outlawed. . . ." (Doc. 22 at PAGEID 160).

---

[3] The Court does not rely on this document for its conclusion.

6

Plaintiff further states that the form relied upon by defendant Newman regarding the surrender of his animals was "fake" and he was "force[d]" to sign it based on "threat, fear, intimidation, lies, deceit, and trickery. . . ." (*Id.* at PAGEID 160).

To support a procedural due process claim, plaintiff must allege that "(1) he is deprived (2) of a constitutionally protected interest in life, liberty, or property (3) through state action and (4) the deprivation occurs without adequate process." *Capen v. Saginaw Cnty., Mich.*, 103 F.4th 457, 462 (6th Cir. 2024) (citing *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014)). The Sixth Circuit distinguishes between procedural due process claims challenging "established state procedure" and those challenging "random and unauthorized acts."[4] *Daily Servs., LLC*, 756 F.3d at 907. Plaintiff's complaint alleges that defendant Newman took a random and unauthorized act—forcing him against his will to sign a form surrendering his dogs—causing the deprivation of property.[5] In such cases, a state can satisfy due process by providing adequate *post*deprivation process even if it does not provide *pre*deprivation process. *Daily Servs., LLC*, 756 at 904 (citing *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). In such cases, a plaintiff must plead the inadequacy of state remedies in order to state a § 1983 claim based on procedural due process:

> If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury. [*Hudson v. Palmer*, 468 U.S. 517, 533 (1984)]; [*Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983)]. . . . Plaintiff may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to

---

[4] The Sixth Circuit has acknowledged that not all cases fall neatly within one category or the other. *See id.* at 907-08.

[5] Plaintiff's complaint also alleges that defendant Newman knew that the warrant was issued with plaintiff's son's name as opposed to his name. But "[t]he [Fourth Amendment's] text makes clear that '[s]earch warrants are not directed at persons; they authorize the search of "places" and the seizure of "things," and as a constitutional matter they need not even name the person from whom the things will be seized.'" *United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016) (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 (1978) (quoting U.S. Const. amend. IV)).

7

> redress her due process violations. [*Parratt,* 451 U.S. 527] ; *Mansfield Apt. Owners Ass'n v. City of Mansfield,* 988 F.2d 1469, 1475 (6th Cir. 1993).

*Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). *See also Wilson v. Beebe*, 770 F.2d 578, 585 (6th Cir. 1985) (explaining that the *Parratt* doctrine applies to random and unauthorized acts and not established state procedures). Plaintiff's complaint alleges that his dogs were "not returned" (Doc. 1-1 at PAGEID 8) but does not plead the inadequacy of state or administrative remedies available to him. Dismissal is therefore appropriate to the extent plaintiff's complaint is construed to allege a procedural due process claim. *See Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 650 (S.D. Ohio 2023).

The Court concludes that the same result should apply to the extent it construes the complaint to allege a substantive due process claim. The Sixth Circuit has held that *Parratt*'s requirement of pleading inadequate state or administrative remedies applies to some substantive due process claims, *see Jefferson*, 360 F.3d at 590 (citing *Beebe*, 770 F.2d at 585), but it *does not* apply to (1) "claims based on a 'right, privilege, or immunity secured by the Constitution or federal laws *other than* the Due Process Clause of the Fourteenth Amendment *simpliciter*'" or (2) acts that "may not take place no matter what procedural protections accompany them." *Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 35 (6th Cir. 1992) (quoting *Hayes v. Vessey*, 777 F.2d 1149, 1152 (6th Cir. 1985)) (former emphasis added). The second category refers to conduct that "shocks the conscience of the court." *Id.*

To the extent plaintiff alleges a substantive due process claim, it is based on the Due Process Clause of the Fourteenth Amendment itself and not a right separately guaranteed by the Bill of Rights. The Sixth Circuit does not generally apply the "shock the conscience" test to cases that do not involve physical abuse. *See City of Mansfield*, 988 F.2d at 1478 ("[B]ecause the present case does not concern physical abuse, we are reluctant to apply the 'shock the

8

conscience' standard, *Cassady v. Tackett*, 938 F.2d 693, 698 (6th Cir. 1991), and decline to do so.") (footnote omitted). *See also Miller v. City of Columbu*s, 920 F. Supp. 807, 818-19 (S.D. Ohio 1996) ("Allowing a substantive due process claim for deprivation of property where an adequate state remedy exists would effectively eviscerate the holding of *Parratt*. . . . This Court believes that interference with a property interest could never rise to [the level of shocking the conscience].") (citing *Schaper v. City of Huntsville*, 813 F.2d 709, 718 (6th Cir. 1987) and *Mansfield*, 988 F.2d at 1478) (footnote omitted). As such, the Court finds plaintiff's failure to plead the inadequacy of state remedies is also fatal to any alleged substantive due process claim.

Based on the foregoing, the Court should dismiss plaintiff's Fourteenth Amendment due process claim against defendant Newman. The Court therefore need not consider defendant Newman's qualified immunity argument.

3. *Defendant Brown*

Defendant Brown asserts several arguments in support of dismissal. She argues that plaintiff has failed to allege (1) a cognizable constitutional rights violation, (2) facts supporting a cognizable constitutional rights violation, or (3) that defendant Brown acted "under color of state law." Even if plaintiff had, defendant Brown argues that she would be entitled to qualified immunity or immunity under state law. As noted in defendant Brown's reply, plaintiff fails to substantively respond to any of her arguments. Rather, plaintiff primarily appears to contest this Court's pending recommendation (*see* Doc. 4) that his conspiracy claim and claims against private-party defendants Mitchell and Flannery be dismissed. (*See* Doc. 22).

Plaintiff's Fourteenth Amendment due process claim should be dismissed against defendant Brown because plaintiff fails to allege that she took action that deprived plaintiff of his property. To prevail on a claim brought under § 1983, a plaintiff must demonstrate "(1) the

9

deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). Plaintiff's complaint contains a single paragraph related to defendant Brown. In it, plaintiff alleges that defendant Brown "was aware of all of the prior proceedings" and "did not follow through to make sure all of [his] dogs were returned." (Doc. 1-1 at PAGEID 9). In other words, plaintiff alleges that defendant Brown *failed* to act in some way but not that she *took any action* depriving plaintiff of any rights.[6]

"Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). The Fourteenth Amendment violation alleged in plaintiff's complaint—the deprivation of plaintiff's property—is not alleged to have been perpetrated in any way by defendant Brown. Because plaintiff fails to allege that defendant Brown affirmatively took action, his complaint fails to state a cognizable § 1983 claim against her. As such, the Court finds it unnecessary to address Defendant Brown's other arguments, and she should be dismissed as a defendant.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Newman's motion for judgment on the pleadings (Doc. 17) be converted into a motion to dismiss under Ruler 12(b)(6) and **GRANTED**; and

---

[6] The Court finds no basis to construe plaintiff's complaint—even afforded a liberal construction—as alleging that defendant Brown supervised defendant Newman. But if the complaint had alleged a supervisory relationship, the result is unchanged. Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it "must be based on active unconstitutional behavior." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989))

2. Defendant Brown's motion to dismiss (Doc. 18) be **GRANTED**.

Date: 8/1/2024

*Karen L. Litkovitz*
Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RUBEN T. SPROUSE,
    Plaintiff,

vs.

MIRIA MITCHELL, et al.,
    Defendants.

Case No. 1:23-cv-353
Hopkins, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).