# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| RUBEN T. SPROUSE, | : | |
| *Plaintiff*, | : | Case No. 1:23-cv-353 |
| v. | : | Judge Jeffery P. Hopkins |
| MIRIA MITCHELL, *et al.*, | : | Chief Magistrate Judge Karen L. Litkovitz |
| *Defendants*. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") issued by Chief Magistrate Judge Karen L. Litkovitz on July 7, 2023 (Doc. 4) after a screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The R&R recommends that this Court dismiss Plaintiff Ruben T. Sprouse's Complaint with prejudice, with the exception of Plaintiff's Fourteenth Amendment due process claims against Defendants Jason Newman and Laura Brown. Doc. 4. Plaintiff later filed his Objection (Doc.6) to the R&R.

After conducting a de novo review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court **OVERRULES** the Objection (Doc. 6) and **ADOPTS** the R&R (Doc. 4), thereby **DISMISSING** Plaintiff's claims against Defendants Miria Mitchell, Melissa Coburn, Ricky Rice, and Desire Flannery, as well as all claims against Defendants Newman and Brown, except for the Fourteenth Amendment due process claims, **WITH PREJUDICE**.

I. BACKGROUND

At one time, Plaintiff owned at least 67 dogs, some of which he bred and raised for sale. Doc. 1-1, PageID 9. He alleges that on June 11, 2021, Defendants Flannery and Mitchell, went to his residence under the auspices of purchasing a beagle. *Id.* at PageID 8. The two Defendants purchased a terrier and an older beagle from Plaintiff. *Id.* During the exchange, Michell took pictures with her cell phone of Plaintiff's dogs and pen area (without Plaintiff's permission) and inspected other parts of his yard. *Id.* They also bought a third dog before they left Plaintiff's property. *Id.*

On June 18, 2021, Defendant Detective Jason Newman and two deputies arrived at Plaintiff's house with a search warrant. *Id.* Plaintiff alleges that Newman "produced a paper and told me to sign it or he was going to take me to jail." *Id.* He also alleges that he had his hand on the firearm while he tensely signed the paper without understanding its meaning. *Id.* at PageID 9. Once he signed the paperwork, a crew came and removed 67 of his dogs to inspect them at another location. *Id.* Plaintiff thought he was to receive his dogs back that night but did not. *Id.* Plaintiff later called the Lawrence County Sheriff's Office and learned that the paper he signed released the dogs to the Lawrence County Humane Society. *Id.* He alleges that this was done in violation of his due process rights. *Id.*

Criminal charges were filed against Plaintiff but later dismissed. *Id.* at PageID 8–9. After the dismissal, only 7 of the 67 dogs were returned to him. *Id.* at PageID 9. Plaintiff alleges that these criminal charges were filed against him by Newman in a conspiracy to take his dogs away from him. *Id.* at PageID 8.

As to Defendants Rice and Coburn, Plaintiff alleges that Rice picks up dogs and takes them to Coburn to initiate the removal of animals. *Id.* He also alleges that Defendant Brown,

2

as President of Lawrence County Human Society, was aware of all proceedings and did not ensure his dogs were returned. *Id.* at PageID 9.

After Plaintiff filed a Complaint on June 9, 2023, the Magistrate Judge screened it pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge then issued the R&R, which recommends that all claims be dismissed with prejudice except for the due process claims against Defendants Newman and Brown. Doc. 4. Plaintiff filed his Objection to the R&R on July 27, 2023. Doc. 6. That Objection is now before the Court.

## II. LAW AND ANALYSIS

Objections to a report and recommendation are reviewed de novo. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Pro se objections to reports and recommendations are often "written in a stream of consciousness style that tries to throw as broad of a legal reach as possible by citing to legal principles that are not directly applicable or are only tangentially related to the merits of [a] case." *Jones v. City of Fairlawn*, No. 5:03-cv-1976, 2005 WL 3543970, at *1 (N.D. Ohio Dec. 28, 2005). When a pro se plaintiff offers only general objections, it "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017) (citing *Howard* but noting "the objections of a petitioner appearing pro se will be construed liberally" (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). "[A] general objection

3

to the entirety of a magistrate's report, without specifying a single issue of contention, fails to satisfy" this specificity requirement. *Howard*, 932 F.2d at 509.

Plaintiff's Objection to the R&R largely contends that the Magistrate Judge simultaneously did not have the power to issue her R&R, and that the Magistrate Judge failed to advocate for Plaintiff when crafting that same R&R. *See generally*, Doc. 6. What Plaintiff's Objection does *not* do is specify a single issue of contention with the findings of the Magistrate Judge. The legal findings central to the R&R are namely that: (1) Plaintiff "f[e]ll short of meeting the specificity requirement" of conspiracy claims as mandated by the Sixth Circuit in *Fieger v. Cox*, 524 F.3d 770 (6th Cir. 2008); and (2) that Plaintiff's claims against Defendants Mitchell, Coburn, Rice, and Flannery fail because he did not show that the defendants were "acting under the color of state law" to maintain his 42 U.S.C. § 1983 claim against them. *See* Doc. 4, PageID 50. Construing Johnson's filing as favorably to him as possible, the Court finds that his Objection is not specific enough to warrant further analysis.

Accordingly, Plaintiff's Objection does not undermine any of the Magistrate Judge's findings. The Court finds that Plaintiff has failed to state a claim against Defendants Mitchell, Coburn, Rice, and Flannery, and has failed to state a claim against Defendants Newman and Brown except for the Fourteenth Amendment due process claims. Plaintiff's Objection to the R&R is without merit and is, therefore, **OVERRULED**.

### III. CONCLUSION

This Court **OVERRULES** Plaintiff's Objection (Doc. 6), **ADOPTS** the R&R (Doc. 4), and **DISMISSES** Plaintiff's claims against Defendants Miria Mitchell, Melissa Coburn, Ricky Rice, and Desire Flannery, as well as all claims against Defendants Newman and Brown except for the Fourteenth Amendment due process claims, **WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated:  September 4, 2024

*[signature]*

Hon. Jeffery P. Hopkins
United States District Judge